UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                        Criminal Action No. 91-cr-80950
                                                     Criminal Action No. 91-cr-80668
                                                       HON. BERNARD A. FRIEDMAN

vs.

KENNETH DAVID CALEY,

       Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

Before the Court is defendant Kenneth David Caley's motion for compassionate release. (ECF No. 20).[1] The government responded in opposition to the motion. (ECF No. 34). Caley filed a reply as well as a supplemental brief. (ECF Nos. 28, 36). The Court shall decide the motion without oral argument pursuant to E.D. Mich. LR 7.1(f)(1). For the following reasons, the Court will deny the motion.

Caley is currently serving a state sentence for two counts of armed robbery after perpetrating a bank heist in April 2010. (ECF No. 19, PageID.22). Because he

---

[1] Caley's motion, along with the associated response, reply, and supplemental briefs, are filed in duplicate to Case No. 91-cr-80668. Except for the decretal section, this opinion and order will reference the docket entries as they appear in Case No. 91-cr-80950.

committed the state offenses while on federal supervised release for a previous spate of bank robberies, this Court sentenced him to 24 months imprisonment, to run consecutively with the state sentence. (*Id.*, PageID.23). He now seeks compassionate release pursuant to 18 U.S.C. § 3852(c)(1)(A), citing his age (63) and several health-related conditions that would increase his risk of severe complications from COVID-19.[2] (ECF No. 28, PageID.63-67).

District courts may modify a defendant's sentence only where a statute vests them with such authority. *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009); *see also United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001) ("The authority of a district court to resentence a defendant is limited by statute" and is "expressly prohibit[ed] . . . beyond those exceptions expressly enacted by Congress."). 18 U.S.C. § 3582(c)(1)(A) is one of those statutes. It provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section

---

[2] Caley contracted COVID-19 in May 2020 and recovered. (ECF No. 28, PageID.63 n.1; ECF No. 30-1, PageID.183, 212, 301).

2

> 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Before deciding whether Caley meets this standard, however, the Court must initially determine whether it has jurisdiction to decide his motion. *United States v. Universal Mgmt. Servs., Inc.*, 191 F.3d 750, 756 (6th Cir. 1999) ("[t]he court must always consider its jurisdiction first and may not hear a cause over which it has no jurisdiction."). Since Caley has yet to begin serving his federal sentence, the Court concludes that it does not.

As this Court previously observed:

> [s]ection 3582(c)(1)(A) allows federally incarcerated individuals to seek compassionate release from federal district courts. However, this avenue for relief applies exclusively to inmates within the Federal Bureau of Prisons, not those in the state system. Federal district courts do not have jurisdiction to grant compassionate relief to an inmate outside of the federal system.

*United States v. Ballard*, Case No. 02-80315, 2021 U.S. Dist. LEXIS 237311, at *3-4 (E.D. Mich. Dec. 10, 2021); *see also Jerore v. Michigan*, Case No. 20-12989, 2021 U.S. Dist. LEXIS 52018, at *1-2 (E.D. Mich. Mar. 19, 2021) (same).

The United States Third Circuit Court of Appeals – the only federal appellate court to address this question to date – reached the same conclusion. In *United States v. Shelton*, 860 F. App'x 218 (3d Cir. 2021), the defendant moved for compassionate

3

release when he was "currently in state custody on . . . attempted murder charges." *Id.* at 218. The district court denied the motion for lack of jurisdiction, and on appeal, the Third Circuit agreed. Summarily affirming the district court's order, the Third Circuit panel held that "because Shelton is in state custody, not federal custody, we agree with the District Court that it lacked jurisdiction to consider his request." *Id.* at 220. There is no reason to believe the Sixth Circuit Court of Appeals would have decided *Shelton* differently.

Caley insists his incarceration with MDOC does not deprive the Court of jurisdiction, relying on "numerous courts [that] have entertained sentence-reduction motions from people in private prisons without wardens and county jails." (ECF No. 36, PageID.981). But all these cases involved imprisoned defendants, already serving federal sentences (albeit in non-Bureau of Prisons facilities), who were committed to the custody of the United States Attorney General. (ECF No. 36, PageID.981 n.4-5) (collecting cases).

Caley's position belies a fundamental misconception about this Court's scope of authority to entertain compassionate release motions. To be clear, the district court's jurisdiction hinges upon whether the incarcerated individual is currently serving a *federal sentence* at the time the request for section 3852(c)(1)(A) relief is filed. *See, e.g., United States v. Aldridge*, No. 19-20651, 2021 U.S. Dist. LEXIS 16106, at *2 (E.D. Mich. Jan. 28, 2021) (concluding that "§ 3582(c)(1)(A) does not

4

permit the reduction of a defendant's sentence where the defendant has not yet begun serving his or her sentence."); *United States v. Picardo*, No. 19-401, 2020 U.S. Dist. LEXIS 206970, at *5 (D.N.J. Nov. 5, 2020) (holding that "the entire scheme of [section 3582(c)(1)(A)] contemplates that the defendant seeking relief has already begun serving his or her sentence."). Whether the Bureau of Prisons is exercising physical custody over the incarcerated individual at one of its own facilities is irrelevant to the jurisdictional inquiry.

Here, MDOC cancelled Caley's parole, and he remains in state custody, because the Bureau of Prisons postponed his transfer to federal custody on account of the COVID-19 conditions at the state correctional facility where he is imprisoned. (ECF No. 38, PageID.994-95; ECF No. 38-2, PageID.999-1000). While these circumstances are beyond his control, the pertinent fact remains that Caley has not commenced serving his federal sentence. And for this reason alone, the Court lacks the requisite jurisdiction to entertain his motion.

Because Caley's motion for compassionate release is jurisdictionally defective, the Court declines to reach his substantive arguments. *See Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). Accordingly,

5

IT IS ORDERED that Caley's motion for compassionate release (ECF No. 20; Case No. 91-cr-80668, ECF No. 35) is denied without prejudice.

IT IS FURTHER ORDERED that Caley's motion for expedited consideration (ECF No. 37; Case No. 91-cr-80668, ECF No. 53) is denied as moot.

|  |  |
|---|---|
| Dated: January 25, 2022<br>Detroit, Michigan | s/Bernard A. Friedman<br>Bernard A. Friedman<br>Senior United States District Judge |

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on January 25, 2022.

**Kenneth David Caley** #161667      s/Johnetta M. Curry-Williams
Gus Harrison Correctional Facility      Case Manager
2727 E. BEECHER STREET
ADRIAN, MI 49221